2012 NOV 26 PM 4:28

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FRANKLIN L. WILLIAMS,

    Petitioner,

v.

MARTIN H. EAVES and
M. PIEACE, Warden,

    Respondents.

CIVIL ACTION NO.: CV512-117

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Franklin Williams ("Williams") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Williams also filed a Motion to Supplement his petition. Williams' Motion to Supplement (Doc. No. 3) is **GRANTED**, and the undersigned has considered Williams' Supplement in making the following recommendation.

In his petition, as supplemented, Williams asserts that the Georgia Court of Appeals erred in dismissing, as untimely filed, his appeal of a September 8, 2008, permanent injunction order issued in the Ware County Superior Court. According to Williams, he diligently pursued his appeal rights and his appeal presented extraordinary circumstances. Williams asserts that he is innocent of the crimes for which he was convicted in the Ware County Superior Court and has been falsely imprisoned for 12

years. Williams also asserts that the Georgia Court of Appeals has not ruled on his motion for reconsideration of its previous dismissal of his out-of-time appeal. Williams has filed numerous section 2254 petitions in this Court.[1]

Pursuant to Rule 4 of the Rules governing petitions brought under 28 U.S.C. § 2254:

> The clerk must promptly forward the petition to a judge . . ., and the judge must promptly examine [the petition]. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Before a second or successive application is filed in a district court, the applicant "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (emphasis supplied). This "gatekeeping" requirement transfers a second or successive application from the district court to the court of appeals, pursuant to 28 U.S.C. §1631, as a motion for authorization to proceed in district court. See Felker v. Turpin, 518 U.S. 651, 664 (1996). "If applicable, section 1631 authorizes a transfer that is in the interest of justice." Guenther v. Holt, 173 F.3d 1328, 1330-31 (11th Cir. 1999). However, a transfer may not be authorized in certain instances, as set forth in 28 U.S.C. § 2244(b). This section provides:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application *shall* be dismissed.

---

[1] See Case Number CV512-64, Document Number 8, for a complete recitation of the § 2254 petitions Williams has filed with this Court and that the undersigned has reviewed. The undersigned need not recount Williams' repetitive assertions set forth in those previously filed petitions.

2

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application *shall* be dismissed, *unless*–

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(emphases added).

In the case *sub judice*, Williams has failed to move the Eleventh Circuit Court of Appeals for an order authorizing this Court to entertain his second or successive petition.[2] 28 U.S.C. § 2244(b)(3). While it may be permissible for this Court to transfer this petition to the Court of Appeals, it is not in this case. Williams' petition is barred under the gatekeeping provision of section 2244(b)(3)(A). The claims for relief in this action would be dismissed, as Williams has not shown his "new" claims satisfy either requirement of 28 U.S.C. § 2244(b)(2).

---

[2] A dismissal with prejudice of a prior petition makes any subsequent petition second or successive. Guenther, 173 F.3d at 1329. Williams' petition filed with the Middle District of Georgia on December 17, 2007, and transferred to this Court on December 19, 2007, was dismissed with prejudice. (CV507-101, Doc. Nos. 21, 25, and 26).

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Williams' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 26th day of November, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE