IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FRANKLIN L. WILLIAMS, :
:
    Petitioner, :
:
v. : CIVIL ACTION NO.: CV512-117
:
MARTIN H. EAVES and :
M. PIEACE, Warden, :
:
    Respondents. :

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Petitioner Franklin Williams ("Williams") asserts that he has presented an actual innocence claim for redress because the Ware County Superior Court is denying him the right to file causes of action in that court. Williams asserts that his access to the courts has been denied. If this is Williams' contention, he does not set forth a cognizable 28 U.S.C. § 2254 claim.

A writ of habeas corpus is the means by which a prisoner may challenge the legality of his confinement. As noted by the United States Supreme Court, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Habeas actions are those that explicitly or by necessary implication challenge a prisoner's conviction or the sentence

AO 72A
(Rev. 8/82)

imposed on him by (or under the administrative system implementing the judgment of) a court. Thus, for example, when a prisoner makes a claim that, if successful, would shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a civil rights claim. Edwards v. Balisok, 520 U.S. 641, 645-46 (1997); Heck v. Humphrey, 512 U.S. 477 (1994). In contrast, claims in which prisoners assert that they are being subjected to unconstitutional punishment not imposed as part of their sentence, such as, for example, being denied access to the courts during the period of incarceration, are civil rights actions, not habeas actions. See generally, Farmer v. Brennan, 511 U.S. 825 (1994); Abello v. Rubino, 63 F.3d 1063 (11th Cir. 1995). Thus, Williams should bring his access to the courts claim pursuant to 42 U.S.C. § 1983.

Williams' Objections are **overruled**. The Magistrate Judge's Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court. Williams' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

SO ORDERED, this 19 day of December, 2012.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)